LEWIS W. ROSS, Appellant, v. DAVID P. UTTER, Appellee.

APPEAL FROM FULTON.

A complainant alleged in his bill that he was the assignee of one of several notes secured by a mortgage, which he sought to foreclose; this allegation was denied; the only proof offered in support of the bill, was, that the note set forth in the bill was a copy of one of the notes executed by the mortgagor. *Held*, that this proof would not authorize a decree.

THIS cause was heard before PETERS, Judge, at November term, 1853, of the Fulton Circuit Court, and a decree rendered for the complainant Utter. Ross took this appeal.

The bill avers, that on September 12, 1848, Hamilton B. Patterson and Joel B. Patterson made their note for $128, payable on the 1st day of March, 1851, to James R. Sharp; that

on the 10th day of March, 1850, the payee assigned it to the complainant; and that at the time of such assignment, one Joseph L. Sharp guaranteed the collection of the note; the note is dated September 2d, 1848.

That at the time of the execution of the note, that is, September 12th, 1848, the two Pattersons executed a mortgage which is set out in *hæc verba*, the condition of which is, that if the said Pattersons, their heirs, &c., shall well and truly pay or cause to be paid to the said party of the second part, his heirs, &c., or assigns, the just and full sum of $1,053.00, for which the parties of the first part have this day executed their promissory notes, payable on or before the first day of March, a. d. 1857, as specified on the face of said notes; then this mortgage, together with said notes, bearing even date herewith, and given by the said parties of the first part to the said James R. Sharp, as collateral security for the same sum of money as above specified, then, &c.

That Sharp conveyed the land to Hamilton B. Patterson and Joel B. Patterson, and that the notes were given to secure the purchase-money; that on the 15th day of September, 1849, Joel B. conveyed the land to Hamilton B.; that on the 15th day of March, 1851, the said Hamilton B. conveyed to Lewis W. Ross, the defendant.

That at the September term, a. d. 1850, one Lyman Moon recovered a judgment, on one of the promissory notes secured by the mortgage, for the sum of $133.30 and costs against the Pattersons; that execution issued on the judgment, September 25, 1850, under which the land was sold for the satisfaction of the judgment, on the 6th day of January, 1851, to said Moon, for $146.60, and that after the sale, Moon duly assigned the certificate of purchase to Ross the defendant.

That the possession of the land was transferred with and under the conveyances down to the defendant; and that all the notes have been paid except this one described in the mortgage.

The answer is under oath. It admits the purchase of the land, but alleges that the defendant purchased it from Joseph L. Sharp, who pretended to be the agent of James Sharp, and the holder of the notes and mortgage, and that by defendant's contract with said Sharp, he was to have a title in fee-simple, free and clear of all incumbrance, and that defendant paid Sharp the full consideration, $800, for the said land, and supposed the title was clear, and the notes and mortgage delivered up to Hamilton B. Patterson; that he has been informed and believes that all the notes except this one were delivered up, and that said mortgage never was assigned to said

complainant; that he has no knowledge of the note belonging to complainant; that the Pattersons are not made parties; that he has no knowledge that the note sued on is one given with the mortgage, except from rumor, and the bill; and that complainant may be required to prove the same, as well as the other allegations in the bill.

Deposition of John M. Lewis: — Knows Pattersons, a mortgage, and some notes to James R. Sharp; don't recollect the description of the land; they were given for the purchase-money; the notes were of different amounts, some of them $128; thinks the note set out in the bill is a copy of one of them, (objected to). The notes were to be paid in produce, to be delivered at Point Isabel; does not know of the execution of any other notes; don't know whether the notes and mortgage bear dates on different days; don't know whether notes are paid. The consideration of the notes was the land named in the mortgage; this information was obtained from Pattersons; the notes and mortgage were executed on the same day.

Manning and Merriman, for appellant.

Blackwell and Beckwith, for appellee.

Treat, C. J. *This was a suit in chancery, brought by Utter* against Ross, for the foreclosure of a mortgage. The bill alleged in substance, that in September, 1848, H. B. & J. B. Patterson made their promissory note to J. R. Sharp for $128, payable in March, 1851, and that the payee, in March, 1850, assigned the same by indorsement in writing to the complainant; that the Pattersons also executed a mortgage to Sharp, to secure the payment of eight notes, including the one held by the complainant; that in March, 1851, the Pattersons conveyed the mortgaged premises to the defendant, who had since had the possession thereof; that in September, 1850, Lyman Moon recovered a judgment against the Pattersons on one of the notes secured by the mortgage, under which the mortgaged premises were sold, and the certificate of purchase assigned to the defendant; and that all of the notes were paid, except the one assigned to the complainant. That note, but not the indorsement, was copied into the bill.

The defendant, in his answer, admitted the purchase of the mortgaged premises, but insisted that the same was made for a full consideration, and under the assurance and belief that the notes and mortgage were discharged. He stated in reference to the note in question, that he " has no knowledge of the com-

Ross *v.* Utter.

plainant being the owner of said note, except such as is disclosed in the bill; and that he has no knowledge of the note being one that was secured by said mortgage, except from rumor, and from what appears in the bill; and he asks that the complainant be ruled to strict proof thereof, as well as the other allegations of the bill."

The only proof respecting the note was as follows. " Interrogatory : Is the certified copy of the note, signed by H. B. & J. B. Patterson, set out in the bill of complaint in this cause, and now before you, one of the notes executed as stated by you above ? Answer : I should think it was." The note was not attached to the deposition of the witness, nor does it anywhere appear in the case except as copied into the bill.

The court decreed a foreclosure of the mortgage, and the defendant appealed.

The complainant alleged that he was the assignee of one of the notes secured by the mortgage. That was made the foundation of his right to relief. As the allegation was not admitted by the answer, it was incumbent on him to support it by proof. There was no evidence to sustain the allegation. The testimony of the witness did not even tend to show that the complainant had any interest in the note or mortgage. The witness merely stated that the instrument set forth in the bill was a copy of one of the notes executed by the Pattersons. The complainant should have produced the original note, and proved that it had been assigned to him by the payee. Failing altogether to make such proof, he showed no right to a foreclosure of the mortgage.

It was insisted on the argument, that the sale on execution extinguished the mortgage. But the case is too imperfectly presented to authorize a decision of this question.

The decree must be reversed, and the cause will be remanded, with leave to the parties to amend their pleadings, and take additional proofs.

*Decree reversed.*